**PENSION BENEFIT GUARANTY CORPORATION Plaintiff.**

v.

**DON'S TRUCKING COMPANY, INC., et al. Defendants.**

**No. CIV.A. 3:03CV631.**

United States District Court, E.D. Virginia. Richmond Division.

Nov. 6, 2003.

Nathaniel Rayle, Pension Benefit Guaranty Corporation, Office of the General Counsel, Merrill Debs Boone, Pension Benefit Guaranty Corporation, Office of the General Counsel, Washington, DC, Charles Manley Allen, Jr., Anthony Tacconi, Goodman Allen & Filetti PLLC, Glen Allen, VA, for Pension Benefit Guaranty Corporation, plaintiff.

Robert Allen Canfield, Paul McCourt Curley, Canfield Shapiro Baer Heller & Johnston, Richmond, VA, for Don's Trucking Company, Inc., Donald R. Beverly, Martha H. Beverley, A General Partnership Between Donald R. Beverley and Martha H. Beverley for the Leasing of Real Estate, Name, If any, Unknown, defendants.

## MEMORANDUM OPINION

SPENCER, District Judge.

THIS MATTER comes before the Court on Don's Trucking Company, Inc., Donald R. Beverley, and Martha H. Beverley's ("Defendants") Motion to Dismiss; and Plaintiff Pension Benefit Guaranty Corporation's Motion to Strike Defenses.

### I.

Pension Benefit Guaranty Corporation ("PBGC") is a wholly-owned U.S. government corporation established under 29 U.S.C. § 1302(a) to administer and enforce the pension plan termination insurance program created by Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1301–1461. PBGC facilitates the timely and uninterrupted payment of pension benefits to participants in terminated plans. ERISA §§ 1302(a)(2), 1321, and 1322.

Effective June 1, 1988, Don's Trucking Company, Inc. ("Don's Trucking") established the Don's Trucking Company Defined Benefit Pension Plan (the "Plan") to provide retirement benefits to its employees. The Plan is covered by the pension plan termination insurance program established under Title IV of ERISA. Pursuant to an agreement between PBGC and Don's Trucking dated August 19, 1997, the Plan was terminated under 29 U.S.C. § 1342, effective July 29, 1997, and PBGC was appointed as statutory trustee.

At the time of the Plan's termination, on July 29, 1997, Don's Trucking was the administrator and contributing sponsor of the Plan, and Defendants Donald and Martha Beverley owned 100% of the company's voting stock. PBGC claims that the Defendants are jointly and severally liable for the Plan's unfunded benefit liability, in the amount of $366,181.51, as of June 30, 2003, plus continually accruing interest.

### II.

Defendants move this Court to dismiss Plaintiff's Complaint on the basis that this action is time barred by the applicable

statute of limitations, under 29 U.S.C. § 1303(e)(6). Section 1303(e)(6) provides, in pertinent part:

> (A) an action [commenced to enforce] this subsection may not be brought after the *later of*—
>
>> (i) *6 years* after the date on which the cause of action arose, or (ii) *3 years* after the applicable date specified in subparagraph (B).
>
> (B) (i) Except as provided in clause (ii), the applicable date specified in this subparagraph is the earliest date on which [PBGC] acquired or should have acquired actual knowledge of the existence of such cause of action.
>
>> (ii) If [PBGC] brings the action as the trustee, the applicable date specified in this subparagraph is the date on which the corporation became the trustee with respect to the plan if such date is later than the date specified in clause (i).

29 U.S.C. § 1303(e)(6) (emphasis added).

Upon *termination,* a pension plan's contributing sponsor and each member of its controlled group become jointly and severally liable to the PBGC for unfunded benefits liabilities, plus interest. *See* 29 U.S.C. §§ 1362(a)-(b) and 1342. The PBGC may then file an action pursuant to 29 U.S.C. §§ 1362(a) and (b) to compel the payment of any unfunded benefit liability. Thus, the PBGC's current cause of action arose upon plan termination, due to the fact that "[employer] liability ... *springs from ...* plan termination." *PBGC v. Alloytek, Inc.,* 924 F.2d 620, 626 (6th Cir.1991) (emphasis added).

Plaintiff's action is timely. The termination date for the Plan was on July 29, 1997, and the termination agreement was dated August 19, 1997. PBGC filed this lawsuit on July 28, 2003, fewer than six years from the earlier of these two dates.

### III.

In addition, Plaintiff moves to strike two affirmative defenses raised by Defendants: (1) that the Complaint is time barred by 29 U.S.C. § 1303(e)(6); and (2) that Plaintiff's action is frivolous and in bad faith. Plaintiff's Motion to Strike is now moot, however, because Defendants have agreed to remove the bad faith defense and because of this Court's current finding that this action is not time barred.

### IV.

For the forgoing reasons, both the Defendants' Motion to Dismiss and the Plaintiff's Motion to Strike are hereby DENIED. An appropriate Order shall issue.